# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS NIEMCZYK, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>PRO CUSTOM SOLAR LLC, D/B/A MOMENTUM SOLAR<br><br>Defendant. | Case No.: 2:19-cv-7846-ES-MAH<br><br>[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |
| RICK HILL and BARRY WOLFORD, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>PRO CUSTOM SOLAR LLC, D/B/A MOMENTUM SOLAR<br><br>Defendant. | Case No.: 2:22-cv-00247- ES-MAH |

WHEREAS, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the parties seek entry of an order preliminarily approving the settlement of this action pursuant to the Settlement Agreement (the "Settlement Agreement" or "Agreement"), which, together with its attached exhibits, sets forth the terms and conditions for a proposed Settlement of the Action and dismissal of the Action with prejudice; and

WHEREAS, the Court having read and considered the Agreement and its exhibits, and Plaintiffs' Unopposed Motion for Preliminary Approval, Plaintiffs' motion is GRANTED.

IT IS HEREBY ORDERED as follows:

1. This Order incorporates by reference the definitions in the Agreement, and all terms used in this Order shall have the same meanings as set forth in the Agreement.

Doc ID: d219f745d023a622bded522eeffc85d6b93e898f

2. This Court has jurisdiction over this litigation, Plaintiffs, all Settlement Class Members, Defendant Pro Custom Solar, LLC d/b/a Momentum Solar ("Momentum" or "Defendants"), and any party to any agreement that is part of or related to the Settlement.

3. The Settlement is the product of non-collusive arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the Action, including through extensive discovery and motion practice, and whose negotiations were supervised by an experienced mediator. The Settlement confers substantial benefits upon the Settlement Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and/or appeal. The Settlement falls within the range of possible recovery, compares favorably with the potential recovery when balanced against the risks of continued litigation, does not grant preferential treatment to Plaintiffs, their counsel, or any subgroup of the Settlement Class, and has no obvious deficiencies.

4. The Court preliminarily approves the Settlement as being fair, reasonable, and adequate, and finds that it otherwise meets the criteria for approval, subject to further consideration at the Final Approval Hearing described below, and warrants issuance of notice to the Settlement Class.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds, upon preliminary evaluation and for purposes of Settlement only, that it will likely be able to certify the Settlement Class as follows:

> All persons in the United States that received two or more telemarketing calls ("Calls") from Momentum or on behalf of Momentum within a 365-day period from March 5, 2015 through and including the date of preliminary approval of the Settlement by the Court ("Class Period").

Excluded from the Settlement Class are (a) all current or former customers of Momentum are excluded from the Class; (b) all persons who validly opt out of the Settlement in a timely

Doc ID: d219f745d023a622bded522eeffc85d6b93e898f

manner; (c) governmental entities; (d) counsel of record (and their respective law firms) for the Parties; (e) Defendant and any of its affiliates, subsidiaries, and all of its respective employees, officers, and directors; (f) the presiding judges in the Litigation or judicial officers presiding over the matter, and all of their immediate families and judicial staff; and (g) any natural person or entity that entered into a release with the Momentum Released Parties prior to the Effective Date concerning the Released Claims in the Litigation.

6. The Court preliminarily finds that the settlement is likely to receive final approval and the Settlement Class will likely be certified for settlement purposes only. The Court concludes that the Settlement Class satisfies the requirements of Rule 23(a) and (b)(3): (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

7. The Court appoints Yeremey Krivoshey of Smith Krivoshey, PC, Matthew R. Mendelsohn of Mazie Slater Katz & Freeman, LLC, and Joseph Marchese of Bursor & Fisher, PA as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are satisfied by this appointment.

8. The Court hereby appoints Thomas Niemczyk, Rick Hill and Barry Wolford to serve as Class Representatives for settlement purposes only on behalf of the Settlement Class.

9. The Court approves the form and content of the Class Notice. The Court finds that the sending of the Class Notice substantially in the manner and form set forth in the Agreement

Doc ID: d219f745d023a622bded522eeffc85d6b93e898f

satisfies due process. The foregoing is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Settlement Class Members entitled to such Class Notice.

    a.    Within 90 days after entry of the Preliminary Approval Order, the Settlement Claims Administrator shall cause the Long Form Notice to be disseminated to Settlement Class Members via e-mail, and the Summary Notice by U.S. mail for any Settlement Class Members with respect to whom Momentum and the Settlement Claims Administrator are not able to locate an e-mail address as of the Class Notice Date and for whom Momentum has a physical mailing address. The Court authorizes the Parties to make non-material modifications to the Class Notice prior to publication if they jointly agree that any such changes are necessary under the circumstances.

    b.    The Settlement Claims Administrator shall provide a reminder notice to all Settlement Class Members that have not submitted claims, objected, or opted-out at least 30 days prior to the deadline for the submission of Claim Forms.

    c.    The Settlement Administrator shall provide a toll-free number to field questions from Settlement Class Members; set up a dedicated website that will include the notice, claim form, Settlement Agreement and other relevant materials.

    d.    No later than ten (10) days before the Fairness Hearing, the Settlement Administrator shall file with the Court an affidavit setting forth the details of the notice provided pursuant to this Order and the Settlement Agreement.

10.    The Claim Form is approved for dissemination to the Settlement Class Members, subject to any non-material changes to which the parties may agree.

Doc ID: d2191745d023a622bded522eeffc85d6b93e898f

11. The Court hereby appoints Angeion Group to serve as the Settlement Administrator to supervise and administer the notice procedures, administer the claims processes, distribute payments according to the processes and criteria set forth in the Settlement Agreement, and perform any other duties of the Settlement Administrator that are reasonably necessary or provided for in the Settlement Agreement.

12. If Settlement Class Members do not wish to participate in the Settlement Class, Settlement Class Members may exclude themselves by mailing or delivering a written request for exclusion to the Settlement Claims Administrator. All requests by Settlement Class Members to be excluded from the Settlement Class must be in writing and served on the Settlement Administrator twenty-one (21) days prior to the Final Approval Hearing. The Settlement Administrator shall report the names and addresses of all such persons and entities requesting exclusion to the Court and Class Counsel no later than fourteen (14) days prior to the Final Approval Hearing, and the list of persons and entities deemed by the Court to have excluded themselves from the Settlement Class will be attached as an exhibit to the Final Order and Judgment.

13. If a Settlement Class Member wishes to be excluded from the Settlement Class, the Settlement Class Member's written Request for Exclusion shall state in writing the Settlement Class Member's name, address and telephone number, state that the Settlement Class Member requests exclusion from the Settlement Class, and the Settlement Class Member's handwritten signature. No Request for Exclusion will be valid unless all of the information described above is included. All Settlement Class Members who exclude themselves from the Settlement Class will not be eligible to receive any benefits under the Settlement, will not be bound by any further

Doc ID: d219f745d023a622bded522eeffc85d6b93e898f

orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Defendant.

14. Any Settlement Class Member who has not previously submitted a Request for Exclusion in accordance with the terms of this Agreement may appear at the Final Approval Hearing to argue that the proposed Settlement should not be approved. However, in order to be heard at the Final Approval Hearing concerning an objection, the Settlement Class Member must make an objection in writing and file it, along with a notice of intention to appear at the Fairness Hearing ("Notice of Intention to Appear"), with the Court twenty-one (21) days prior to the Final Approval Hearing.

1. To state a valid objection to the Settlement, an objecting Settlement Class Member must write: ((a) the objector's name, address, telephone number and, if represented by counsel, the name, address, and telephone number of his or her counsel; (b) a description of the date(s) and contents of any purported Calls within the Settlement Class Period, including a description of what occurred on each of the Calls (c) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (d) all grounds for his or her objection, accompanied by any legal and factual support for the objection known to the objector or his or her counsel, and the name of any witness that may appear at the Final Approval Hearing; (e) copies of any papers, briefs, or other documents upon which the objection is based or upon which the objector or his or her counsel intends to rely; (f) the objector's handwritten signature, and (g) the identification of the case name, case number, and court for any prior class action lawsuit in which the objector and the objector's attorney (if applicable) has objected to a proposed class action settlement. Objections shall be served on the Settlement Administrator by [date], and also serve by first-class mail copies of the objection upon:

Doc ID: d219f745d023a622bded522eeffc85d6b93e898f

Matthew R. Mendelsohn
Mazie Slater Katz & Freeman, LLC
103 Eisenhower Parkway
Roseland, NJ 07068

Thomas J. Cotton
Schenck Price Smith & King, LLP
220 Park Avenue
Florham Park, NJ 07932.

15. Any Settlement Class Member who does not make his or her objections in the manner provided herein shall be deemed to have waived such objections and shall forever be foreclosed from making any objections to the fairness, reasonableness, or adequacy of the proposed Settlement and the judgment approving the Settlement.

16. The Court hereby schedules the Final Approval Hearing for _August 18, 2025_, at _10:00 A.M._ (a.m.)/~~p.m.~~ in Courtroom 2C of the United States District Court for the District of New Jersey, Newark Division, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101, to determine whether the proposed Settlement should be approved as fair, reasonable and adequate, whether a judgment should be entered approving such Settlement, and whether Class Counsel's application for attorneys' fees and for service awards to the class representatives should be approved. The Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members.

17. Class Counsel's application for an award of attorneys' fees, expenses, and costs and for service awards will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any appeal from any order relating solely to Class Counsel's application for an award of attorneys' fees, costs, and expenses, and/or to Class Counsel's application for service awards, or any reversal or modification of any such order, shall not operate to terminate or cancel the Settlement or to affect or delay the finality of a judgment approving the Settlement.

-vii-

Doc ID: d219f745d023a622bded522eeffc85d6b93e898f

18. Papers in support of final approval of the Settlement and Class Counsel's application for attorneys' fees, expenses and costs and for service awards shall be filed no later than fourteen 14 days prior to the objection and exclusion deadline.

19. Settlement Class Members shall have until one hundred and twenty (120) consecutive days from the Class Notice Date to submit claim forms. Claim forms must be received by that date to be considered timely.

20. If the Settlement fails to become effective in accordance with its terms, or if the Final Order and Judgment is not entered or is reversed or vacated on appeal, this Order shall be null and void, the Settlement Agreement shall be deemed terminated, and the Parties shall return to their positions without any prejudice, as provided for in the Settlement Agreement.

21. The fact and terms of this Order or the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order or the Settlement, and any act performed or document signed in connection with this Order or the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum, or other tribunal, constitute an admission, or evidence, or be deemed to create any inference (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of Defendant to Plaintiffs, the Settlement Class, or anyone else, (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) of any damages or absence of damages suffered by Plaintiffs, the Settlement Class, or anyone else, or (v) that any benefits obtained by the Settlement Class under the Settlement represent the amount that could or would have been recovered from Defendant in this Action if it were not settled at this time. The fact and terms of this Order or the Settlement, and all negotiations, discussions, drafts, and proceedings associated with this Order or the Settlement, including the judgment and the release of the Released Claims provided for in the

Doc ID: d219f745d023a622bded522eeffc85d6b93e898f

Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, except as necessary to enforce the terms of this Order, the Final Order and Judgment, and/or the Settlement.

22. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

23. Pending further order of the Court, all litigation activity and events, except those contemplated by this Order or in the Settlement Agreement, are hereby STAYED, and all hearings, deadlines, and other proceedings in the Litigation, except the Final Fairness Hearing and the matters set forth in this Order, are VACATED.

**IT IS SO ORDERED on this** 8th day of January 2025

_____
HONORABLE MICHAEL A. HAMMER
UNITED STATES MAGISTRATE JUDGE